THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| KIM SEEGMILLER and SHARON JOHNSON, | ) | |
| | ) | Case No.  2:05CV639 DS |
| Plaintiffs, | | |
| | | MEMORANDUM DECISION |
| vs. | ) | |
| LaVERKIN CITY, et. al, | ) | |
| | ) | |
| Defendants. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court on two motions for summary judgment.  LaVerkin City and Doug Wilson have moved for summary judgment of the claims of Sharon Johnson, and Sharon Johnson has filed a motion for partial summary judgment.  The matters are fully briefed and on February 27, 2007 the court conducted a telephone conference with all counsel of record where questions regarding these motions were addressed and the court issued an oral ruling granting the motion for summary judgment on claims of Kim Seegmiller (which has also been addressed in an order of the court dated March 1, 2007.  During the telephone conference, counsel were invited to submit supplemental briefing on Sharon Johnson's state claims and their viability if the federal claims survive summary judgment.  The court has received the supplemental briefs and is prepared to issue the following memorandum decision.

Under Fed. R. Civ. P. 56, summary judgment is proper only when the pleadings, affidavits, depositions or admissions establish there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law.  The burden of establishing the nonexistence

of a genuine issue of material fact is on the moving party.[1]  E.g., <u>Celotex Corp. v. Catrett</u>, 477 U.S.

317 (1986).  This burden has two distinct components: an initial burden of production on the moving

party, which burden when satisfied shifts to the nonmoving party, and an ultimate burden of

persuasion that always remains on the moving party.  <u>See</u> 10A C. Wright, A. Miller & M. Kane,

<u>Federal Practice and Procedure</u> § 2727 (2d ed. 1983).

When summary judgment is sought, the movant bears the initial responsibility of informing

the court of the basis for its motion and identifying those portions of the record and affidavits, if any,

it believes demonstrate the absence of a genuine issue of material fact.  <u>Celotex</u>, 477 U.S. at 323.

In a case where a party moves for summary judgment on an issue for which he would not bear the

burden of persuasion at trial, his initial burden of production may be satisfied by showing the court

there is an absence of evidence in the record to support the nonmovant's case.  <u>Id</u>., 477 U.S. at 323.

"[T]here can be no issue as to any material fact . . . [when] a complete failure of proof concerning

an essential element of the nonmoving party's case necessarily renders all other facts immaterial."

<u>Id</u>.

Once the moving party has met this initial burden of production, the burden shifts to the

nonmoving party to designate "specific facts showing that there is a genuine issue for trial."  Fed.

R. Civ. P. 56(e); <u>Celotex</u>, 477 U.S. at 324.

> If the defendant in a run-of-the-mill civil case moves for summary judgment . . .
> based on the lack of proof of a material fact, the judge must ask himself not whether
> he thinks the evidence unmistakably favors one side or the other, but whether a fair-
> minded jury could return a verdict for the plaintiff on the evidence presented.  The
> mere existence of a scintilla of evidence in support of the plaintiff's position will be

---

[1]Whether a fact is material is determined by looking to relevant substantive law.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict . . . .

Liberty Lobby, 477 U.S. at 252. "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586. The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Liberty Lobby, 477 U.S. at 252. If the nonmoving party cannot muster sufficient evidence to make out a triable issue of fact on his claim, a trial would be useless, and the moving party may be entitled to summary judgment as a matter of law. Id.

The court will first address plaintiff Johnson's state law claims. In her supplement brief, plaintiff Johnson stipulates to withdraw all the state causes of action alleged in the complaint except for negligence and intentional interference with current and prospective economic relations. Accordingly, the court will address only those two state claims.

The Utah Governmental Immunity Act ("UGIA"), provides immunity for plaintiff Johnson's claims against the defendants. Applying the three-step analysis outlined by the Utah Supreme Court in Ledfors v. Emery School District, 849 P.2d 1162, 1164 (Utah 1993) to determine whether immunity exists, the court finds the defendants were clearly "exercis[ing] a governmental function" when they investigated the allegations against both plaintiffs, placed plaintiffs on administrative leave with pay, and ultimately imposed penalties. U.C.A. § 63-30-3(1).

The second step involves determining whether the UGIA provides a waiver to the blanket immunity.  Plaintiff Johnson is correct that there is a general waiver of immunity for injury caused by the negligent misconduct of defendants' city officers and employees. See U.C.A. § 63-3-10 (now 63-30d-301).   Because there can be no claim of negligence without a duty owed to the plaintiff, the court will focus on the "duty" prong of plaintiff Johnson's negligence cause of action.

The case of Day v. State, 980 P 2d. 1171 (Utah 1999), explains the public duty doctrine this court will apply.  "The public duty doctrine provides that although a government entity owes a general duty to all members of the public, that duty does not impose a specific duty of care on the government with respect to individuals who may be harmed by governmental action or inaction, unless there is some specific connection between the government agency and the individuals that makes it reasonable to impose a duty." Id. at 1175, citations omitted.

A "special relationship" or specific connection sufficient to create a duty to an individual can be established in one of at least four ways. See Day at 1175.   Plaintiff Johnson alleges the policy and procedure manual created a "special relationship" between her and defendants because defendants, as government agents, undertook specific action to protect her, and reasonably induced detrimental reliance by Johnson because of the policy and procedure manual that outlined the mechanism by which plaintiff Johnson's due process rights would be protected.   Plaintiff's arguments encompass two of the four circumstances outlined in Day.

However, these allegations are a stretch from the duties alleged in the complaint.  There is no allegation in the complaint that defendants' duty to investigate (complaint at ¶ 184), defendants' duty to maintain confidentiality (complaint at ¶ 185), and defendants' duty to be truthful and accurate (complaint at ¶ 186) created any special relationship with plaintiff apart from the general duties owed

4

the public at large.  While plaintiff Johnson is correct that she need not plead negligence with specificity, the necessary elements must be present.  And it is the court's view that the facts necessary to support her reconstruction of this negligence claim are lacking.

Plaintiff Johnson's attempts to establish the necessary special relationship in the supplemental briefing fail for the following reasons.  First, plaintiff cites no law in support of her attempts to use the policy and procedure manual to establish the special relationship required by the public duty doctrine.  Second, it is undisputed that the City placed plaintiff Johnson on paid administrative leave while it investigated the accusations against her and Chief Seegmiller.  It is also undisputed that the personnel manual at issue does not require any particular procedure when an employee is placed on administrative leave with pay.  Plaintiff Johnson argues that the language "granted" implies that such leave may only be instituted at the request of the employee and so her leave was really a suspension and therefore the procedures for suspension should have been followed. However, this is a distinction without a difference for this court's analysis of the summary judgment motion.  Contrary to plaintiff's arguments, there are no facts or law which support such a strained reading of the manual or which could consequently create a special duty owed plaintiff. Rather, the manual clearly allowed paid leave without the process plaintiff argues she was denied. These are the undisputed facts and even construed in a light most favorable to plaintiff, the court finds there was no "duty" and therefore plaintiff's negligence claim fails and defendants are entitled to summary judgment on this claim.

Finally, there is indisputably no waiver to governmental immunity for plaintiff Johnson's cause of action for the tort of intentional interference with economic relations. As argued by defendants, U.C.A. § 63-30-10(2) preserved immunity for the injuries which result from interference

with contract rights, of which intentional interference with current and prospective economic relations is a part. Accordingly, the court grants summary judgment for defendants on this claim. Defendants' supplemental briefs correctly analyze and apply the law surrounding the public duty doctrine and governmental immunity as applied to plaintiff Johnson's causes of action and the court adopts defendants' arguments and includes them in this memorandum decision by reference.

In addition, the court finds plaintiff Johnson did not plead that the individually named defendant Doug Wilson acted or failed to act due to fraud or malice as required by U.C.A. § 63-30-4(3)(b). Nor does the complaint meet the standards imposed by Fed. R. Civ. P 9(b). While plaintiffs attempt in the memorandum to have the court infer malice from the undisputed facts, as indicated above, the court finds there are no factual allegations in the complaint that if proven true would show that Doug Wilson acted with malice. Accordingly, defendants' motion for summary judgment on plaintiff Johnson's claims against defendant Doug Wilson is granted for this additional reason.

Turning to plaintiff Johnson's federal claims, as indicated by the court in the telephone conference held with counsel, plaintiff Johnson's claim under § 1983 that the city failed to enforce the restraining order she had against her estranged husband, clearly fails under the standard argued by defendants and outlined in Town of Castle Rock, Colorado v. Gonzales, 546 U.S. 748 (2005). Plaintiff is arguing against relevant Supreme Court authority which holds that there is no property interest in police enforcement of restraining orders sufficient to support a due process claim and her arguments are not persuasive. Accordingly, the court grants defendants' motion for summary judgement on this claim (the Eleventh Cause of Action).

Plaintiff Johnson's substantive due process claim and related claim pursuant to 42 U.S.C. § 1983 are the subject of both defendants' motion for summary judgment as well as plaintiff Johnson's

motion for partial summary judgment.  This court agrees with all parties that "a person's private

sexual relations are part and parcel of the liberty interest that is protected under the Constitution."

Defs. Memorandum in Opposition to Plaintiff Sharon Johnson's Motion for Partial Summary

Judgment ("Defs. Memo in Opposition") at 3.   Plaintiff Johnson argues that by issuing the verbal

reprimand defendants denied plaintiff her fundamental liberty interest guaranteed by the Fourteenth

Amendment and are therefore liable under 42 U.S.C. § 1983.

Plaintiff Johnson argues that the defendants' actions amounted to legislative restriction of

her fundamental liberty interest to engage in consensual sexual intercourse.  However, the court is

not convinced that defendants' actions are legislative in nature.   And this determination is essential

since the criteria to identify what is fatally arbitrary differ depending on whether the conduct at issue

involves legislation or a specific – or executive – act of a governmental officer.

Considering the four factors presented by plaintiff as useful in determining whether an action

is legislative in nature, the court finds the actions of defendants fail in three of the four outlined

areas.

> In determining whether an action was legislative in nature, the ninth circuit
> considered four factors: 1) whether the act involved ad hoc decision-making, 2)
> whether the action applies [to] a few individuals or to the public at large, 3) whether
> the act is formally legislative in nature, and 4) whether it bears all the hallmarks of
> traditional legislation.

Reply to Defendants' Memorandum in Opposition to Plaintiff's Motion for Partial Summary

Judgment ("Reply") at 4, citing Kaahumanu v. County of Maui, 315 P.3d  1215, 1220 (9th Cir.

2003). At a minimum, the court is not convinced by the undisputed facts nor plaintiff Johnson's

arguments that the decision applied to the public at large.  This was a reprimand related to a specific

incident and directed only to plaintiff.   Furthermore, the defendants' procedure and process

employed to investigate the facts at issue and to ultimately issue the reprimand did not bear any of the hallmarks of traditional legislation. Nor does the court see the process as a "cloak and dagger approach" to cloud events surrounding defendants' determination. Rather, it seems the defendants engaged their normal procedures which ultimately resulted in an executive decision to reprimand plaintiff–nothing more, nothing less.

Having determined defendants actions were executive in nature, the parties are in agreement that the proper standard for the court to apply in determining whether defendants violated plaintiff Johnson's substantive due process rights is "whether the challenged government action shocks the conscience of federal judges." Defs. Memo in Opposition at 6, citing Ruiz v. McDonnell, 299 F.3d 1173, 1183 (10th Cir. 2002) (quotations and citations omitted). Accordingly, even if the undisputed facts supported a finding that receiving the verbal reprimand deprived plaintiff of her liberty interest, which is a difficult conclusion to reach given Fact 13 of Plaintiff's own Statement of Facts which clearly states, "neither the city of LaVerkin nor an official of the city ever explicitly or implicitly prohibited consensual sexual intercourse," the act of giving the reprimand must shock the conscience of a federal judge.

Viewing all the facts in a light most favorable to plaintiff Johnson, this court finds that neither defendants' decision to reprimand plaintiff Johnson nor delivery of the verbal reprimand shock the conscience of this federal judge under the circumstances of this case. Although the entire fact situation, including the effect it had on the plaintiffs' employment and personal lives, is disturbing, these facts do not rise to the "conscience shocking" level found in the cases cited in defendants' Memo in Opposition. And defendants' statement that the cases cited by plaintiff Johnson involve challenges to legislative rather than executive action is well taken.

Accordingly, the court denies plaintiff's motion for partial summary judgment and grants

defendants' motion for summary judgment on plaintiffs federal claims, including substantive due

process, 42 U.S.C. § 1983, and 42 U.S.C. § 1988 for attorney fees.  The court finds there are no

material facts in dispute and the law compels finding in defendants' favor on all outstanding claims.

Plaintiffs complaint is resolved in its entirety and the clerk of the court is directed to enter judgment

in favor of defendants on all claims.


        SO ORDERED.


        DATED this 20th day of March, 2007.


BY THE COURT:

DAVID SAM
SENIOR JUDGE
U.S. DISTRICT COURT